## CIRCUIT COURT OF ROANOKE COUNTY

Danny C. Smith

    v.

Alvin C. Mathis, Jr., et al.

September 13, 2004

Case No. CL02-251

BY JUDGE ROBERT P. DOHERTY, JR.

This matter comes before the Court on the Plaintiff's *pro se* motion for judgment seeking damages arising from the Defendants' alleged failure to satisfy a promissory note on which the Plaintiff has acted as a co-maker so that the Defendants could qualify for the loan. The Defendants are the Plaintiff's daughter and son-in-law.

The Defendants took out a loan for $21,555.26 from a neighborhood bank for the purpose of building a house. The loan was conditioned upon the granting of additional security, which the bank accepted in the form of Plaintiff's certificate of deposit. Both Defendants and the Plaintiff signed the sixty-day note. When the obligation came due, the Defendants were unable to repay it; instead, they elected to refinance the note. However, Defendant son-in-law was not present when the second note was made, but promised that he would sign the second note at a later date. The Plaintiff and the Defendant daughter proceeded to sign the note. The Defendant son-in-law never signed the second note. The Defendants experienced marital conflict, and the Defendant son-in-law was incarcerated in the penitentiary after a felony conviction. Ultimately, the second note went into default and the bank seized the Plaintiff's collateral on October 11, 2000. The Defendant son-in-law now denies any liability under the second note. A guardian *ad litem* was appointed for the Defendant son-in-law as he is a person under a disability. The Plaintiff asks the Court to award a judgment for his losses and to find that the Defendant son-in-law is a party to the second note.

The evidence clearly showed that the second promissory note was signed in order to refinance the first note. Thereafter, the original promissory note was stamped "Renewed" by the note holder. "[I]f a note is taken as a conditional payment, or in renewal, and is not duly paid or discharged, the original debt revives; and this principle applies to every renewal, which is but a continuation of the same debt." *Moses v. Trice*, 62 Va. 556, 567-8 (1871). The argument that the second note eradicated the debt of the original note fails. The agreement that the Defendants would pay the note when it became due without invading the Plaintiff's collateral still exists.

The Plaintiff signed the original promissory note "for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument. . . ." and was therefore an accommodation party pursuant to § 8.3A-419, Code of Virginia (1950), as amended, and the Defendants were the accommodated parties. "An accommodation party who pays the instrument is entitled to reimbursement from the accommodated party and is entitled to enforce the instrument against the accommodated party." *Id.* The Plaintiff is therefore entitled to reimbursement from, and will be granted judgment against, both Defendants, jointly and severally, in the amount of $22,131.76, with interest at the judgment rate from October 11, 2000, until paid.

Since the Plaintiff to this action appears *pro se* and is not in a position to prepare the final order in this case, the Court directs the Guardian *ad litem* to draft and present an appropriate order, incorporating this letter opinion by reference, and present it for entry noting that the signatures of the parties are waived. The Guardian *ad litem* shall be paid $600 for his services in this case by the Plaintiff. The final order will not be entered until the Guardian *ad litem* has been paid in full.